**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL WAYNE JACKSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 09-CV-743-TCK-PJC |
| MIKE MULLIN, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a habeas corpus proceeding. On November 23, 2009, Petitioner, a state inmate appearing *pro se*, filed his petition (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss (Dkt. # 5), arguing that the petition should be dismissed because Petitioner failed to exhaust administrative remedies and because the habeas claim is time barred and/or procedurally barred. Petitioner failed to file a response to the motion. For the reasons discussed below, the Court finds Respondent's motion should be granted. To the extent Petitioner challenges the administration of his sentence by the Oklahoma Department of Corrections ("DOC"), he has failed to exhaust administrative remedies prior to commencing this action. To the extent Petitioner challenges the validity of his sentences entered in state court, his petition is time-barred.

*BACKGROUND*

The record reflects that on July 20, 1998, in Tulsa County District Court, Case No. CF-1997-839, Petitioner, after being found guilty by a jury, was sentenced to twenty (20) years imprisonment on Count 1 (Possession of Stolen Vehicle/Felony, After Former Conviction of Two or More Felonies), twenty (20) years imprisonment on Count 2 (Larceny of an Automotive Driven Vehicle/Felony, After Former Conviction of Two or More Felonies), and six (6) months on Count 3 (Driving Under Suspension/Misdemeanor), all to be served consecutively. See Dkt. # 5, Exs. 3,

4, and 5. On that same date, in Tulsa County District Court, Case No. CF-1997-6136, Petitioner entered a plea of *nolo contendere* to the charge of Unlawful Possession of Controlled Drug/Felony, After Former Conviction of Two or More Felonies, and was sentenced to twenty (20) years imprisonment to be served concurrently with the sentences entered in CF-1997-839. See Dkt. # 5, Ex. 6. Petitioner appealed his Judgments and Sentences entered in CF-1997-839 to the Oklahoma Court of Criminal Appeals ("OCCA"). By Order filed November 2, 1999, in Case No. F-98-860, the OCCA affirmed the Judgment and Sentences. See Dkt. # 5, Ex. 12.

On January 24, 2001, Petitioner filed an application for post-conviction relief. See Dkt. # 5, Ex. 10 at 16. The state district court denied relief on February 5, 2001. Id. Petitioner did not file a post-conviction appeal. Id.

In his petition, Petitioner avers that he became aware that his sentences in Case No. CF-1997-839 were being administered consecutively in May 2003. See Dkt. # 1 at 6. On May 14, 2003, he filed a "motion for sentences to be served concurrently" in the state district court. See Dkt. # 5, Ex. 10 at 17. That motion was denied by order filed June 20, 2003. See id. Petitioner did not appeal the ruling. Id.

Effective January 24, 2005, Petitioner was paroled from the sentence entered on Count 1 to the sentence entered on Count 2, in Case No. CF-1997-839. See Dkt. # 5, Ex. 7. Thereafter, beginning in July 2006, Petitioner made further unsuccessful efforts to obtain relief in the state courts from the consecutive sentences entered in CF-1997-839. See Dkt. # 5, Ex. 10 at 17-19. Finally, on November 23, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition (Dkt. # 1), previously construed by the Court as a 28 U.S.C. § 2241 petition for writ of habeas corpus, see Dkt. # 3, Petitioner identifies one claim, as follows: "The Department of

Corrections, the District Court of Tulsa and the State Appellate Court is [sic] refusing to abide by the order of the judgment and sentences." See Dkt. # 1.

## *ANALYSIS*

**A. Claim challenging validity of sentences entered in CF-1997-839 is time-barred**

The AEDPA, enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In this case, any claim challenging the validity of Petitioner's consecutive sentences entered in Case No. CF-1997-839 is time barred. Under § 2244(d)(1)(A), Petitioner's convictions and sentences became final on January 31, 2000, after the conclusion of direct review by the OCCA on November 2, 1999, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on January 31, 2000, and,

absent a tolling event, a federal petition for writ of habeas corpus filed after January 31, 2001, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on November 23, 2009. Absent either statutory or equitable tolling, the petition is clearly time-barred.

Petitioner filed an application for post-conviction relief in the state district court on January 24, 2001, or seven (7) days before the limitations deadline. If Petitioner raised a claim challenging his consecutive sentences in his application,[1] then, under § 2244(d)(2), the limitations clock stopped running on January 24, 2001. At the conclusion of post-conviction proceedings, the clock began to run again and Petitioner had to file his federal petition for writ of habeas corpus within the time remaining in his one year period. The state district court denied post-conviction relief on February 5, 2001. Petitioner did not appeal. However, the limitations clock remained suspended until the 30 day period for filing an appeal had lapsed. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that an application is "pending" during the statutory grace period for filing an appeal, even if the petitioner fails to appeal during this period). Thus, the limitations clock began to run 30 days after February 5, 2001, or on March 8, 2001. Petitioner had to file his habeas petition within the seven (7) days remaining in the limitations period, or by March 15, 2001. All of Petitioner's other state court motions and petitions were filed after March 15, 2001, and do not serve to toll the limitations period under § 2244(d)(2). See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (stating that a collateral petition filed in state court after the limitation period has expired no longer serves to toll the statute of limitation). Petitioner's federal habeas corpus petition, filed

---

[1] Neither the application for post-conviction relief nor the state district court's order denying relief is part of the record before this Court.

4

November 23, 2009, or more than eight (8) years after the deadline, is time barred unless the one-year period commenced under the provisions of § 2244(d)(1)(B), (C), or (D), or Petitioner demonstrates entitlement to equitable tolling.

Nothing in the petition suggests that either § 2244(d)(1)(B) or (C) apply to extend the commencement of the one year period. Under § 2244(d)(1)(D), the limitations period may begin to run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. The Court finds that in this case, Petitioner could have discovered through the exercise of due diligence the factual basis of his claim when he was sentenced on July 20, 1998.[2] At that time, the trial court judge stated that the sentences entered in CF-1997-839 were to be served consecutively. See Dkt. # 1, attached Sent. Trans. at 4. The Judgments and Sentences entered in CF-1997-839 also reflect that the sentences were to be served consecutively to each other. See Dkt. # 5, Exs. 3, 4, and 5. Furthermore, in affirming the Judgments and Sentences on direct appeal, the OCCA stated that the trial judge "ordered the sentences to run consecutively." Dkt. # 5, Ex. 12. Thus, Petitioner could have discovered that his sentences in Case No. CF-1997-839 were to be served consecutively before his judgments became final and application of § 2244(d)(1)(D)

---

[2] In his petition, Petitioner states that he actually knew his sentences were being administered consecutively in May 2003. See Dkt. # 1. Even if the one-year limitations period did not begin to run until May 2003, this petition is untimely. Petitioner clearly knew that he was serving his sentences consecutively on May 14, 2003, when he filed his "motion for sentences to be served concurrently" in the state district court. The state court denied that motion on June 18, 2003. Therefore, Petitioner's one year period began to run, at the latest, on July 18, 2003, or thirty (30) days after the state district court denied Petitioner's "motion for concurrent sentences" and he failed to appeal. Gibson, 232 F.3d at 804. Petitioner had one (1) year from July 18, 2003, or until July 18, 2004, to file a federal petition for writ of habeas corpus. All of Petitioner's other state court motions and petitions were filed after July 18, 2004, and do not serve to toll the limitations period under § 2244(d)(2). See Fisher, 262 F.3d at 1142-43. Thus, even if the one year period did not begin to run until Petitioner knew the factual basis of his claim, his federal habeas corpus petition, filed November 23, 2009, would be time barred.

5

provides no benefit to Petitioner. His petition is time barred unless he demonstrates entitlement to equitable tolling.

Petitioner failed to file a response to the motion to dismiss. In his petition, Petitioner asserts that "[t]he one year statue of limitation should not bar this petition, because the Petitioner is challenging the legality of his continued imprisonment in the Oklahoma Department of Corrections where his sentences are ordered to be served concurrently and he was granted parole on these sentences on 1/24/05." See Dkt. # 1 at 8. To the extent Petitioner argues that he is entitled to equitable tolling of the one-year limitations period as a matter of fairness, the Court finds he fails to qualify for equitable tolling. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). The record demonstrates that Petitioner did not diligently seek relief prior to filing this action. Even after he became aware that he was serving his sentence consecutively, he took no action during the three (3) year period between the state district court's denial of his motion for concurrent sentences on June 18, 2003, and the filing of his motion to correct clerical error on July 13, 2006. That amount of time does not comport with diligence. Petitioner is not entitled to equitable tolling.

The Court concludes that Petitioner's claim challenging the validity of his consecutive sentences entered in Tulsa County District Court, Case No. CF-1997-839, is time barred. Respondent's motion to dismiss should be granted and that claim should be dismissed with prejudice.

**B. Claim challenging administration of sentence by DOC**

Respondent asserts that to the extent Petitioner challenges the administration of his sentences by DOC, his claim must be dismissed because he failed to exhaust administrative remedies prior to commencing this federal habeas corpus action. The Court agrees. In Dulworth v. Evans, 442 F.3d 1265 (10th Cir. 2006), the Tenth Circuit Court of Appeals, in applying a one-year limitations period to § 2241 claims, acknowledged the general requirement that a petitioner under § 2241 must exhaust available state remedies. Id. at 1269 (citing Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)). The requirement includes the exhaustion of administrative remedies as well as judicial remedies. Id. (citing Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Moore v. Olson, 368 F.3d 757, 758 (7th Cir. 2004); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

In this case, Respondent alleges that Petitioner never filed a grievance concerning the administration of his sentences as provided by OP-090124. The record provided by Respondent supports that allegation. See Dkt. # 5, Ex. 9 (affidavit of Debbie Morton, Manager of the Administrative Review Unit). As discussed above, Petitioner did not file a response to the motion to dismiss. Nowhere in his petition does Petitioner allege that he exhausted available administrative

remedies through the grievance procedures provided by OP-090124. He claims only that he utilized the "Facility Offender Request to staff procedure." See Dkt. # 1 at 7.

The Court finds that Petitioner failed to exhaust administrative remedies prior to filing this action. For that reason, the claim should be dismissed. The Court further finds that due to the passage of time, see OP-090124(V)(A)(1) (requiring that a grievance be submitted within 15 calendar days of the incident, or the date of the response to the "request to Staff" form, whichever is later), it would now be futile for Petitioner to exhaust administrative remedies for his sentence administration claim. As a result, Petitioner's claim challenging DOC's administration of his sentences is now procedurally barred and shall be dismissed with prejudice.

## *CONCLUSION*

Petitioner's claim challenging the validity of his consecutive sentences is time barred. His claim challenging the administration of his sentences by DOC is procedurally barred as a result of his failure to exhaust administrative remedies in a timely manner. For those reasons, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

DATED THIS 4th day of May, 2010.

**TERENCE KERN**
**United States District Judge**